

**Alyssa Helfer**
SENIOR COUNSEL

50 Fountain Plaza  |  Suite 1400
Buffalo, NY 14202

201.477.5543 Direct

This request is GRANTED and the case is STAYED until December 21, 2026.  If the parties do not settle before December 21, they are to provide a joint letter to the Court with proposed next steps.  SO ORDERED.

*Jennifer E. Willis*

JENNIFER E. WILLIS
United States Magistrate Judge
June 22, 2026

June 17, 2026

**VIA ECF**

The Honorable Jennifer E. Willis
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 228
New York, NY 10008

Re:    *Reed, et al. v. Veriff OU, et al.*, 1:26-cv-00465-DEH-JW

Dear Magistrate Judge Willis:

In accordance with Section I of Your Honor's Individual Practices in Civil Cases and Local Rule 7.1(e), we write to request to stay this case pending the parties' settlement negotiations.

The parties' settlement negotiations have progressed since the last requested extension, and the parties are hopeful that they may be able to resolve the consolidated cases without further litigation. The parties thus respectfully request the Court stay this matter pending the settlement negotiations so that the Court and the parties do not unnecessarily expend resources if these matters are resolved. The parties propose that if a settlement is not finalized within six months or if the Court's involvement is required for any reason, any party may move to reopen the matter. All parties, including Plaintiffs, join in this requested stay.[1]

This is the parties' first request for a stay. The Court previously granted two extensions to Defendants' response deadline. On May 4, 2026, the Court granted a previous extension request that set Defendants' current response deadline of June 30, 2026. As of this filing, the parties do not have a scheduled appearance before this Court.

---

[1] Although the parties have not yet reached discovery, to the extent the parties' request requires a showing of "good cause" under Fed. R. Civ. P. 26(c), *Johnson v. N. Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (good cause required to stay discovery), the parties' ongoing pre-discovery settlement discussions satisfies that requirement.



Respectfully Submitted,

*Alyssa M. Helfer*

Alyssa M. Helfer

cc: All Counsel of Record via ECF